# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00603-CV

**Amanda Salazar, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
NO. C-09-0124-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Amanda Salazar appeals from a district court order terminating her parental rights to her child, A.S. The district court has found the appeal to be frivolous. *See* Tex. Fam. Code Ann. § 263.405 (West 2008); Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002). Salazar's court-appointed counsel has reached the same conclusion and filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967).

As no reporter's record of the termination trial has been provided, the following summary of the case is taken from documents filed with the district court and made a part of the clerk's record, including the permanency plans and progress reports of the Texas Department of Family and Protective Services (the Department) and the report of the Court Appointed Special Advocates (CASA).[1] On June 18, 2009, narcotics detectives with the San Angelo Police Department

---

[1] In its termination order, the district court stated that it had "examined and taken judicial notice of all the pleadings and affidavits filed with the Court."

executed a search warrant on Salazar's home. Inside, they found "half a pound of marijuana and three and ½ ounces of pure crystal methamphetamine." Also found inside the residence at the time of the search were Salazar and a "young female child," later identified as four-year-old A.S. Salazar was arrested for drug possession, and A.S. was removed from her care.

Salazar was subsequently released on bond and began participating in a court-ordered Service Plan to obtain family reunification. However, in August 2009, Salazar was arrested by federal authorities and confined in a federal holding facility. She later pleaded guilty to the federal offense of Possession with Intent to Distribute Less Than 50 Kilograms of Marijuana and was sentenced to 46 months' incarceration. While in prison, Salazar signed an affidavit of relinquishment of her parental rights. *See* Tex. Fam. Code Ann. § 161.103 (West 2008).

Shortly thereafter, the Department filed a petition to terminate Salazar's parental rights. Following a termination trial, the district court found by clear and convincing evidence that Salazar had executed an unrevoked and irrevocable affidavit of relinquishment of her parental rights and that termination was in the best interest of the child.[2] *See id*. § 161.001(1)(K), (2) (West Supp. 2010).

Salazar timely filed a "Motion for New Trial and Notice of Appeal" in which she complained of her inability to attend the trial due to her incarceration and asserted that she had signed the affidavit of relinquishment based on misrepresentations made by the child's caregiver. Following a 263.405(d) hearing, *see id*. § 263.405(d), the district court found that "no new evidence or information has come to the attention of the Court which would change the Court's

---

[2] Because Salazar was incarcerated at the time of trial, she did not appear in person. However, she did appear through her court-appointed attorney.

2

decision regarding the findings and orders of the Court or warrant a new trial." Consequently, the district court denied Salazar's motion for new trial and found her appeal to be frivolous.

Salazar's court-appointed counsel has filed a motion to withdraw and an *Anders* brief, concluding that Salazar's appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds for appeal. *See Anders*, 386 U.S. at 744; *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Salazar was provided with a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Anders*, 386 U.S. at 741-44; *Taylor*, 160 S.W.3d at 646-47. We affirm the district court's order of termination and grant counsel's motion to withdraw.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: May 5, 2011